```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISANA, ex rel.                       MISCELLANEOUS
ROGERS LACAZE


VERSUS                                           NO: 10-2767


BURL CAIN, Warden, Louisiana                     SECTION: R(3)
State Penitentiary, Angola,
Louisiana
```

**ORDER AND REASONS**

In this action to enforce a state court subpoena issued to the United States Attorney for the Eastern District of Louisiana, the United States moves to quash the subpoena.[1] Because the United States has not waived its sovereign immunity, the motion to quash is GRANTED.

**I.   BACKGROUND**

Rogers Lacaze was convicted of three counts of first degree murder in the Orleans Parish Criminal District Court. He was sentenced to death on July 21, 1995. The conviction and sentence

---

[1]   R. Doc. 7.

were affirmed in *State v. Lacaze*, 99-0584 (La. 1/25/02); 824 So.2d 1063.  Post-conviction proceedings are currently pending in state court.  Lacaze asserts that during trial, defense counsel received information from an anonymous source that New Orleans Police Officer Ronald Williams, a victim in this case, was under investigation by the federal government.  Upon Lacaze's application, Judge Frank Marullo of the state court issued subpoenas duces tecum directing the United States Attorney for the Eastern District of Louisiana and Neil Gallagher of the Federal Bureau of Investigation to produce all information relating to any investigation of Officer Williams.[2]  That subpoena was removed to this Court and was quashed on July 17, 1995.[3]

    In the ongoing post-conviction proceedings in state court, Lacaze has filed a motion to recuse Judge Murillo.  Lacaze has produced a fax communication dated July 14, 1995 that purports to be from an Orleans Parish Assistant District Attorney to an Assistant United States Attorney.  The fax states: "The Judge wants a good excuse to quash by 3 pm today.  The officer in the

---

    [2]    R. Doc. 8, Ex. 2.

    [3]    Case No. 95-2305, R. Doc. 4.

[subpoena duces tecum] was a victim."[4]  Lacaze argues that this fax indicates that Judge Murillo improperly colluded with state and federal prosecutors to quash the subpoena.

These events are now the subject of a second subpoena.  On July 21, 2010, Judge Lynda Van Davis of the Orleans Parish Criminal District Court issued a subpoena duces tecum to Jim Letten, United States Attorney for the Eastern District of Louisiana, commanding him to disclose "[a]ny correspondence or memoranda detailing communication between the United States Attorney's Office and state or local officials concerning *State v. Rogers Lacaze* and/or *State v. Antoinette Frank*, Orleans Parish Criminal District Court, Case No. 375-992."[5]  Antoinette Frank was Lacaze's co-defendant.  *State v. Lacaze*, 99-0584, p. 1 (La. 1/25/02); 824 So.2d 1063, 1065.

The United States removed the subpoena to this Court under 28 U.S.C. § 1442(a)(1).[6]  *See Louisiana v. Sparks*, 978 F.2d 226, 231-33 (5th Cir. 1992) (United States may remove subpoena directed to federal officer under § 1442(a) even before the initiation of contempt proceedings against the officer).  The

---

[4]   R. Doc. 8, Ex. 3.

[5]   R. Doc. 1, Ex. A.

[6]   R. Doc. 1.

3

United States now moves to quash the subpoena on sovereign immunity grounds.[7]

**II.   DISCUSSION**

The United States may not be sued absent a waiver of its sovereign immunity.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Such waiver cannot be implied, but must be "unequivocally expressed."  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).  Absent an express waiver, sovereign immunity prevents the enforcement of a subpoena against the United States.  *Louisiana v. Scire*, 15 F.3d 1078, 1994 WL 35595, at *2 (5th Cir. 1994).  Waiver of sovereign immunity is a jurisdictional prerequisite, and the Court lacks subject matter jurisdiction over this matter if sovereign immunity is not waived.  *Louisiana v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992).

The United States has not waived its sovereign immunity in this case.  Rather, the United States specifically asserts sovereign immunity and has refused to comply with the subpoena on that basis.  It is well-established in the Fifth Circuit that federal courts must quash state court subpoenas under these circumstances.  For example, in *Sparks*, 978 F.2d at 226, a state

---

[7]   R. Doc. 7.

court issued a subpoena to a United States probation officer on behalf of an inmate sentenced to death. The Fifth Circuit quashed the subpoena, holding that there was no indication that the United States had waived its sovereign immunity. *Id.* at 234-35. The court went on to note that "myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena." *Id.* at 235; *see also Louisiana v. Scire*, 15 F.3d 1078, 1994 WL 35595, at *2 (5th Cir. 1994) (quashing subpoena on sovereign immunity grounds); *Boron Oil Co. v. Downie*, 873 F.2d 67, 69-71 (4th Cir. 1989) (same); *Joseph v. Fluor Corp.*, No. 10-379, 2010 WL 797840, at *2-3 (E.D.La. Mar. 2, 2010) (same).

Further, under federal regulations, Justice Department employees may refuse to comply with state court subpoenas ordering the disclosure of confidential information when the United States is not a party to the action. *See* 28 C.F.R. § 16.21, *et seq.* (regulations promulgated by Department of Justice). Under 28 C.F.R. § 16.22(a), "[i]n any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to

5

or based upon material contained in the files of the Department . . . without prior approval of the proper Department official. . . ." The United States Supreme Court recognized the validity of an earlier version of this regulation in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951) (holding that a subordinate federal official cannot be held in contempt for failing to comply with a subpoena in reliance on federal regulations). "[S]uch regulations unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action." *Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992). Under these regulations, the Justice Department employees involved in this matter had the authority to refuse to comply with the subpoena.

Lacaze argues that this case falls into the *ultra vires* exception to sovereign immunity. Sovereign immunity does not bar a suit for specific relief against an officer if (1) the officer acts outside his statutory powers, or (2) those powers, or the manner in which the officer exercises them, are unconstitutional. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701-02 (1949) (sovereign immunity applied when plaintiff failed to demonstrate that officer exceeded statutory authority or acted unconstitutionally); *Taylor v. United States*, 292 F.App'x 383,

387 (5th Cir. 2008) (same); *Smith v. Booth*, 823 F.2d 94, 98 (5th Cir. 1987) (same).  Lacaze contends that any communications between the Assistant United States Attorney and state or local officials that demonstrate Judge Murillo's alleged effort to thwart discovery were outside the scope of the Assistant United States Attorney's statutory and constitutional powers.  This argument does not follow.  The official action at issue in this subpoena enforcement proceeding is neither Judge Murillo's activities nor any AUSA communications, but rather the United States Attorney's refusal to comply with the subpoena.  Lacaze argues that this refusal is also *ultra vires*, but as discussed, Fifth Circuit precedent is clear that a Justice Department employee may refuse to comply with a third-party subpoena under valid federal regulations.

The United States notes that in *Geyen v. Marsh*, 775 F.2d 1303 (5th Cir. 1985), the Fifth Circuit used broad language to the effect that the *ultra vires* exception to sovereign immunity no longer applies in light of the 1976 amendments to the Administrative Procedures Act waiving the Government's sovereign immunity in certain circumstances.  *Id.* at 1307 (citing 5 U.S.C. § 702) (holding that action was "against the United States" for statute of limitations purposes).  Nonetheless, the Fifth Circuit has continued to assume the validity of the *ultra vires* exception

in certain cases. *See Taylor*, 292 F.App'x at 387; *Smith*, 823 F.2d at 98. Because the *ultra vires* exception to sovereign immunity is inapplicable here in any event, the Court need not examine the implications of *Geyen* more broadly.

Lacaze also argues that the regulations do not justify the United States Attorney's refusal to comply with the subpoena. *See* 28 CFR § 16.26 (listing factors that Justice Department officials and attorneys should consider in making disclosure determinations). The Court lacks jurisdiction, however, to determine whether Justice Department officials made a reasonable decision in light of the regulatory factors. *See Swett v. Schenk* 792 F.2d 1447, 1452 (9th Cir. 1986) (dismissing contempt action against federal official on jurisdictional grounds, and noting that "a consideration of the merits [of the decision not to disclose] can play no part in our decision"); *Joseph v. Fluor Corp.*, No. 10-379, 2010 WL 797840, at *2 (E.D.La. Mar. 2, 2010) (federal agency could direct its officials "to refuse to comply with a state court subpoena without offering any explanation for their decision to withhold information."). Because the United States has not waived its sovereign immunity, the Court simply lacks subject matter jurisdiction to enforce the subpoena. *Sparks*, 978 F.2d at 235.

In addition, Lacaze contends that the Court should balance

the government's refusal to provide disclosure against his own need for the information. Although criticized by Judge Fallon in *Joseph*, 2010 WL 797840, at *3, the Fifth Circuit has explicitly rejected the application of a balancing test in which the government would have to state a compelling interest in not responding to a third-party subpoena sufficient to override the need for the information. *Louisiana v. Scire*, 15 F.3d 1078, 1994 WL 35595, at *2 (5th Cir. 1994). Rather, the lack of an express waiver of sovereign immunity is determinative. *Id.*

Lacaze points to the Supreme Court's decision in *Roviaro v. United States*, 353 U.S. 53 (1957), which applied a balancing test in determining whether to require the government to disclose the identity of an undercover agent who could have been a material witness. *Id.* at 62. That case concerned a prosecution by the United States. *Id.* at 55. In those circumstances, the government's privilege to withhold the identity of an informant had to be weighed against the defendant's need for the information. *Id.* at 62. The present case, by contrast, involves a state prosecution to which the United States is not a party. The Fifth Circuit has made clear that Justice Department employees may refuse to respond to subpoenas in such cases. *See Sparks*, 978 F.2d 226; *Scire*, 15 F.3d 1078, 1994 WL 35595, at *2; *see also Joseph*, 2010 WL 797840, at *3 (contrasting the rule of

*Touhy* and *Sparks* with the traditional discovery rules). The Court does not have jurisdiction to engage in the broad-ranging inquiry Lacaze seeks. Precedent compels the Court to quash the subpoena.

The dismissal of this action does not preclude Lacaze from pursuing any administrative remedies he may have. *See Sparks*, 978 F.2d at 236 n.18.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS the United States' motion to quash the subpoena duces tecum issued to the United States Attorney for the Eastern District of Louisiana. This action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __29th__ day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE